107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Salvador POU, Jr., Plaintiff-Appellant,
v.
Joseph LOSZYNSKI, Captain, for New York State Police (Troop
"D" Oneida), Brian Tousant, Investigator, for New
York State Police (Troop "D" Oneida), Defendants,
U.S. DRUG ENFORCEMENT ADMINISTRATION, Robert Fritzen, James
L. Rogers, Defendants-Appellees.
 No. 96-6165.
 United States Court of Appeals, Second Circuit.
 Jan. 23, 1997.
 
 1
 APPEARING FOR APPELLANT: Salvador Pou, Jr., pro se, Ossining, N.Y.
 
 
 2
 APPEARING FOR APPELLEE: Edward Scarvalone and Steven M. Haber, Assistant United States Attorneys for the Southern District of New York, New York, N.Y.
 
 
 3
 Appeal from the United States District Court for the Southern District of New York (John E. Sprizzo, Judge ).
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 6
 Salvador Pou, Jr., filed the instant action pursuant to 42 U.S.C. § 1983 seeking to recover $18,200 in cash seized by the U.S. Drug Enforcement Agency and forfeited to the United States Government. Pou claims that defendants U.S. Drug Enforcement Administration, Robert Fritzen, and James L. Rogers conducted an illegal search and seizure and gave him inadequate notice of the forfeiture proceeding in violation of his federal statutory and constitutional rights. The district court granted summary judgment in favor of defendants on the grounds that the forfeiture notice was lawful and that collateral estoppel and qualified immunity barred Poun's claim of illegal search and seizure.
 
 
 7
 For substantially the reasons given by the district court, we affirm the grant of summary judgment.